IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11cv68-V-2
(5:05cr9-V-3)

| | |
|---|---|
| SHONIKA GAIL ECKLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner'S Motion to Hold 2255 Petition in Abeyance Until Petitioner Submits Memorandum of Law in Support of Petition, filed September 6, 2011 (Doc. No. 4).

On March 13, 2006, a jury convicted Petitioner of conspiracy to possess with intent to distribute quantities of cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of possession with intent to distribute quantities of crack cocaine and cocaine powder, in violation of 21 U.S.C. § 841(a)(1). (Criminal Case No. 5:05cr9, Doc. No. 509). On March 2, 2007, the Court entered a Judgment sentencing Petitioner to a total of 262 months imprisonment. (Id., Doc. No. 703). However, after successfully challenging her sentence on appeal before the Fourth Circuit Court of Appeals, on November 9, 2009, this Court re-sentenced Petitioner to a total of 188 months imprisonment. (Id., Doc. No. 1272). Petitioner did not appeal her new sentence.

Rather, in August 2010, Petitioner began filing various post-judgment motions seeking, among other matters, to extend the time for filing her § 2255 Motion. (Id., Doc. Nos. 1349, 1361,

1365 and 1369) On May 10, 2011, the Court entered an Order finding that Petitioner's pleadings had been filed well before the expiration of her 2010 deadline for filing a § 2255 Motion. (Id., Doc. No. 1374 at 3). Accordingly, the Court's Order directed the Clerk to construe Petitioner's post-judgment motions as a timely filed § 2255 Motion and to open a new civil case for such Motion to Vacate, and it gave Petitioner nearly two months to supplement such Motion by submitting a pleading in which she articulated the specific legal bases for relief. (Id. at 4).

On July 1, 2011, Petitioner timely filed a form Motion to Vacate setting forth a 26-pronged claim of ineffective assistance of counsel along with claims alleging that her due process rights were violated and that she was subjected to prosecutorial misconduct. (Doc. No. 3). However, Petitioner's Motion does not include any factual allegations to support her claims. Thus, by the instant Motion (Doc. No. 4), Petitioner essentially seeks a 120-day extension of time in which to obtain various documentary and draft a memorandum in support of her Motion to Vacate. Upon consideration of Petitioner's Motion, for good cause shown, the Court finds that the Motion should be granted. However, because more than two months have elapsed since the time that Petitioner filed this Motion, the Court will only grant her an additional forty-five days from the date of this Order in which to file her supporting memorandum.

**NOW, THEREFORE, IT IS ORDERED** that:

1. Petitioner's de facto Motion for extension of time to file a memorandum in support of her Motion to Vacate (Doc. No. 4) is **GRANTED in part and DENIED in part**;

2. Petitioner shall have up to and including January 3, 2012 in which to file her supporting memorandum; and

3. Failure to timely file the subject memorandum could result in the dismissal of Petitioner's claims as conclusory and factually baseless.

**SO ORDERED.**

Signed: November 17, 2011

*/s/ Richard L. Voorhees*

Richard L. Voorhees
United States District Judge

3